IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CT-3121-FL

| | |
|---|---|
| KAMAL PATEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| MS. MORON, et al., ) | |
| ) | |
| Defendants. ) | |

Kamal Patel ("plaintiff"), a federal inmate, filed this action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). The matter is before the court for frivolity review. The matter also is before the court on plaintiff's motion for issuance of summons and for service of process (DE # 7) and motion for a refund of excessive filing fees (DE # 9). These matters are ripe for adjudication. For the reasons that follow, both motions are denied.

This matter is first before the court for frivolity review. Section 1915 provides that courts shall review complaints in which prisoners seek relief from a governmental entity or officer and dismiss such complaints when they are "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). Finding that plaintiff's complaint is not frivolous, plaintiff is ALLOWED to proceed with his claims.

The court now turns to plaintiff's motion for issuance of summons and for service of process by the United States Marshal Service (DE #7). The Clerk of Court will issue the summons following this court's frivolity review. The Clerk of Court then will direct the United States Marshals Service

to serve a copy of the summons and complaint on defendants. As a result, plaintiff's motion is DENIED as premature.

The court next considers plaintiff's motion for a refund of his alleged excessive filing fee payments (DE #9). With this claim, plaintiff challenges the method that the three hundred fifty dollar ($350.00) filing fee is being collected in this case. Plaintiff argues that the filing fee should be collected sequentially, rather than simultaneous to the other civil actions he has filed.[1] When the filing fee is collected sequentially, or "per prisoner," then the filing fee is limited to twenty (20) percent of the preceding month's income, no matter how many cases the prisoner has filed. When the filing fee is collected simultaneously, or "per case," twenty (20) percent of a plaintiff's income is collected for each individual action he has filed.

The Prison Litigation Reform Act altered § 1915 to provide that a prisoner who brings a civil action, or files an appeal, *in forma pauperis* ("IFP") is responsible for the entire amount of the normal civil action filing fee. See 28 U.S.C. § 1915(b)(1); see also United States v. Jones, 215 F.3d 467, 468 (4th Cir. 2000). A prisoner proceeding IFP is not required to pay the entire amount up front. See 28 U.S.C. § 1915(b)(1). Rather, an initial partial filing fee is assessed by calculating the greater of twenty (20) percent of: (a) the average monthly deposits to a prisoner's trust account; or (b) the average monthly balance in the trust account for the six-month period immediately preceding the filing of the complaint or the notice of appeal. Id. After the initial payment is made, a prisoner is required to make monthly payments of twenty (20) percent of the preceding month's income credited to his trust account each time the amount in the account exceeds ten dollars ($10.00). 28

---

[1] Plaintiff's motion references two additional cases he filed in which he is required to pay a filing fee. These cases include: (1) Patel v. Bonner, 5:08-CT-3110-BO (E.D.N.C. dismissed, Jan. 28, 2010) (unpublished); and (2) Patel v. Tucker Hill, No. 5:10-CT-3091-BO (E.D.N.C. filed, June 7, 2010) (unpublished).

2

U.S.C. § 1915(b)(2). Such payments are to be forwarded by the agency that has custody of the prisoner. Id.

The Fourth Circuit addressed the collection of inmate filing fee payments, pursuant to 28 U.S.C. § 1915(b)(2), in Torres v. O'Quinn, 612 F.3d 237 (4th Cir. 2010). After Torres, the rule in the Fourth Circuit is that 28 U.S.C. § 1915(b)(2) requires no more than twenty (20) percent of an inmate's monthly income be deducted to pay filing fees, irrespective of the total number of cases or appeals the inmate has pending at any one time. Torres, 612 F.3d at 242. Accordingly, if true, the "per case" collection of plaintiff's filing fees would violate the Court's ruling in Torres. The remedy for a violation of Torres is an abatement in the collection of filing fees from an inmate's trust account. Id. at 253. However, as in Torres, plaintiff has paid the filing fee for this action in full. Under these circumstances, the Court in Torres found that there was no unfairness in declining to refund any portion of the filing fee. Id. Accordingly, the court DENIES plaintiff's motion for a refund of the filing fee.

In sum, plaintiff is ALLOWED to proceed on his Bivens claims. Additionally, plaintiff's motion for issuance of summons and for service of process (DE # 7) is DENIED as premature and motion for a refund of excessive fees (DE # 9) is DENIED. The Clerk of Court is DIRECTED to issue summons for defendants.

SO ORDERED, this the 6th day of January, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge