IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CT-3121-FL

| | | |
|---|---|---|
| KAMAL PATEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MS. MORON; HEE HAW TUCKER-HILL; MR. BARRETT; MR. ELWOOD; SHORTY BRAWNER; CANDACE GREGORY; DR. MERCADO; ART BEELER; JOHN DOE PHARMACIST; MS. ADCOCKS; LYNNELL COX; JEFF TILLEY; AND HARLEY LAPPIN, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

The matter is before the court on defendants' motion to dismiss (DE # 16). Also before the court are plaintiff's motion to stay and/or for extension of time to file a response (DE # 19), motion to amend (DE # 21), motion for service of process (DE # 22), and motion for a preliminary injunction (DE # 23), which have been fully briefed. In this posture, the matters are ripe for adjudication.

Plaintiff filed a motion to amend his complaint to supplement his existing allegations and to add new parties and claims. Pursuant to Federal Rule of Civil Procedure 15(a), a plaintiff may amend a pleading before trial as a matter of course within twenty-one (21) days of service, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."

Plaintiff filed his motion to amend within twenty-one (21) days of defendants' motion to dismiss. Thus, plaintiff is allowed to amend his complaint as a matter of course.

Plaintiff states that his amended complaint re-alleges the "facts and complaints" contained in his original complaint. Plaintiff's original and amended complaints are respectively, fifty-four (54) and seventy-five (75) pages in length. It is difficult for the court to determine exactly which claims plaintiff seeks to assert in this action. Accordingly, the court allows plaintiff the opportunity to file one amended complaint in order to clarify his claims. The amended complaint must state whom plaintiff seeks to name as defendants and avoid unnecessary details. Plaintiff must briefly describe the specific events which are the basis of this action, the constitutional rights purportedly violated, and each defendant's personal participation in the process. The amended complaint also must focus on how the alleged events affected plaintiff, the injury he allegedly sustained, and the person (or people) who inflicted the injury. Plaintiff is reminded that his amended complaint must comply with Federal Rule of Civil Procedure 8, which provides: "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed.RCiv.P. 8(a)(2). The amended complaint will supplant plaintiff's previous complaint and amended complaint, and the court will not review plaintiff's other filings to glean any misplaced claims. The court will review any amended complaint to determine whether severance of plaintiff's claims is appropriate. See Fed.R.Civ.P. 18(a), 20(a)(2). Plaintiff must file his amended complaint within fourteen (14) days of this order.

Because the court is allowing plaintiff the opportunity to amend his complaint, defendants' motion to dismiss is DENIED as moot. Accordingly, plaintiff's motion to stay and/or to extend the time for responding to defendants' motion to dismiss also is DENIED as moot.

The court now turns to plaintiff's motion for issuance of summons for service of process, on the newly added defendants, by the United States Marshal Service. Plaintiff has been permitted to file an amended complaint. The court will conduct a frivolity review of plaintiff's amended complaint upon its submission. If necessary, the Clerk of Court will issue the summons following this court's frivolity review. The Clerk of Court then will direct the United States Marshals Service to serve a copy of the summons and complaint on any newly added defendants. Based upon the foregoing, plaintiff's motion is DENIED as premature.

The court now considers plaintiff's motion for a preliminary injunction. A preliminary injunction is an extraordinary remedy which should not be granted unless there is a clear showing of both likely success and irreparable injury. The Real Truth About Obama, Inc. v. Federal Election Commission, 575 F.3d 342, 345 (4th Cir. Aug. 5, 2009), vacated on other grounds, 2010 WL 1641299 (U.S. Apr. 26, 2010). The United States Supreme Court has stated that the movant must establish the following to obtain a preliminary injunction: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 374 (2008); The Real Truth About Obama, Inc., 575 F.3d at 346.

The court first looks to whether plaintiff can demonstrate that he likely is to succeed on the merits of his claim. Plaintiff requests that the court enjoin defendants from using his medical care "as hostage to his ongoing litigation." (DE # 23.) Defendants state that this is not the appropriate forum to adjudicate this motion. Defendants state that plaintiff filed a similar motion for injunctive relief in a previously filed action in the United States District Court for the District of Columbia,

3

Patel v. Phillips, No. 1:10-CV-749-RWR (D.D.C. May 11, 2010).[1] Defendants assert that plaintiff's previously filed action raises the same issues presented in his motion for injunctive relief, i.e., that the defendants effectively terminated his medical care by transferring him to a prison facility in Big Springs, Texas.[2] Defendants also note that, prior to filing the instant motion for a preliminary injunction, plaintiff previously filed a motion for a preliminary injunction in the United States District Court for the District of Columbia, seeking to "compel necessary medical care," which remains pending.[3] Because the motion for injunctive relief only is tangentially related to the subject matter of this lawsuit, plaintiff has not demonstrated that his claimed irreparable harm is linked to his potential success on the merits in this action. See WV Ass'n of Club Owners and Fraternal Services, Inc. v. Musgrave, 553 F.3d 292, 298 (4th Cir. 2009). Moreover, plaintiff has not demonstrated irreparable harm because essentially the same motion for injunctive relief is pending in the United States District Court for the District of Columbia. Based upon the foregoing, the court denies plaintiff's motion for a preliminary injunction to allow plaintiff to pursue it in the more appropriate forum. Thus, plaintiff's motion for a preliminary injunction is DENIED.

---

[1] The court notes that the action filed in the District of Columbia was filed prior to the instant action.

[2] Although the action pending in this court raises the issue of medical care, the issue is confined to plaintiff's past treatment while he was incarcerated at Butner. Plaintiff does not appear to specifically allege that his transfer to Texas terminated his medical care. The court notifies plaintiff that such a claim would be duplicative of the claim pending in the District of Columbia and the doctrine of res judicata precludes this court from reaching a different legal decision, from the original action, regarding his duplicate claims. Allen v. McCurry, 449 U.S. 90, 94 (1980). The court further notifies plaintiff that, should he elect to proceed with this action, his duplicative claims may be subject to summary dismissal. See Richardson v. Thompson, No. 4:04-1256-27, 2004 WL 3316381, *3-4 (D.S.C. Oct. 7, 2004) (unpublished), aff'd 124 Fed. Appx. 795 (4th Cir. Mar. 30, 2005) (unpublished); Wolfe v. Cooper, No. 8:08-3559-PMD, 2008 WL 4960237, *3 (D.S.C. Nov. 20, 2008) (unpublished).

[3] On April 25, 2011, plaintiff supplemented his September 24, 2010 motion for injunctive relief, and included documentation, from Dr. Abdul Kadir, a neurologist based in Odessa, Texas, opining that plaintiff requires immediate medical care.

4

In sum, plaintiff's motion to amend (DE # 21) is GRANTED. Plaintiff must file his amended complaint within fourteen (14) days of this order. The court will conduct a frivolity review of plaintiff's pleadings upon receipt of plaintiff's amended complaint. Defendants' motion to dismiss (DE # 16) and plaintiff's motion to stay and/or for extension of time to file a response (DE # 19) are DENIED as moot. Plaintiff's motion for issuance of summons for service of process (DE # 22) is DENIED as premature, and plaintiff's motion for a preliminary injunction (DE # 23) is DENIED.

SO ORDERED, this the 20th day of May, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge