IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CT-3121-FL

| | |
|---|---|
| KAMAL PATEL, | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| MS. MORON; HEE HAW TUCKER-HILL; MR. BARRETT; MR. ELWOOD; SHORTY BRAWNER; CANDACE GREGORY; DR. MERCADO; ART BEELER; JOHN DOE PHARMACIST; LYNNELL COX; JEFF TILLEY; HARLEY LAPPIN; MR STANCIL; THE GEO GROUP, INC., JONATHAN MINER; DAVID FARMER; GEORGE SNYDER; CHAPLAIN BLEVINS; MS. ADCOCKS; AND LARABEE, | ) |
| Defendants. | ) |

This matter comes before the court on the motion to dismiss (DE # 32) pursuant to Federal Rule of Civil Procedure 12(b)(6),[1] the motion to stay the initial order regarding planning and scheduling (DE # 34), and the motion for a protective order (DE # 52) filed by defendants Ms. Adcocks ("Adcocks"), Mr. Barrett ("Barrett"), Art Beeler ("Beeler"), Shorty Brawner ("Brawner"), Lynnell Cox ("Cox"), Candace Gregory ("Gregory"), Harley Lappin ("Lappin"), Dr. Mercado ("Mercado"), Ms. Moron ("Moron"), Jeff Tilley ("Tilley"), and Hee Haw Tucker-Hill ("Tucker-Hill") (collectively "defendants"). Also before the court are plaintiff's "motion to require prison to

---

[1] Because the parties have attached matters outside of the pleadings, the court construes defendants' motion as a motion for summary judgment.

treat mail from this court marked as 'legal mail' as legal mail," (DE # 31), motion for reconsideration (DE # 37), "motion requesting that service of process be made on defendants Elwood and Stancil and for an extension of time to effect service on these defendants and the John Doe Defendant" (DE # 39), motion for a continuance to permit discovery (DE # 41), and motion to strike portions of defendants' motion to dismiss (DE # 44). Plaintiff responded to defendants' motion for summary judgment, but did not respond to their remaining motions. Defendants did not respond to plaintiff's motions. In this posture, the matters are ripe for adjudication. For the following reasons, the court rules as follows.

## STATEMENT OF THE CASE

On July 6, 2010, plaintiff filed this action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). On April 4, 2011, Adcocks, Barrett, Beeler, Brawner, Cox, Gregory, Lappin, Mercado, Moron, Tilley, and Tucker-Hill filed a motion to dismiss pursuant to Rule 12(b)(6). Plaintiff then filed a motion to amend his complaint. On May 26, 2011, the court entered an order granting plaintiff's motion to amend, directing plaintiff to file his amended complaint, and denying as moot defendants' motion to dismiss.

On June 10, 2011, plaintiff filed his amended complaint. Plaintiff's amended complaint seeks both monetary damages and injunctive relief. The court subsequently conducted a review of plaintiff's amended complaint pursuant to 28 U.S.C. § 1915. Plaintiff's original complaint arose out of his incarceration at the Federal Correctional Center in Butner, North Carolina. Plaintiff's amended complaint sought to allege Bivens claims against Moron, Tucker-Hill, Barrett, Brawner, Gregory, Mercado, Beeler, Adcocks, Cox, Tilley, and Lappin, as well as defendants Official Elwood ("Elwood"), John Doe Pharmacist ("Pharmacist"), and Contract Compliance Official Stancil

2

("Stancil"). Plaintiff's amended complaint also sought to add new claims arising out of his incarceration at Rivers Correctional Institution ("Rivers") against new defendants the GEO Group, Inc. ("GEO Group"), Jonathan Miner ("Miner"), George Snyder ("Snyder"), David Farmer ("Farmer"), Chaplain Blevins ("Blevins"), and Dr. Larabee ("Larabee").

The court severed all of plaintiff's claims arising out of events that occurred at Rivers against GEO Group, Miner, Snyder, Farmer, Blevins, and Larabee. The court also dismissed as frivolous plaintiff's claims regarding his legal mail and mail to government agencies.[2] Finally, the court dismissed as frivolous plaintiff's claim of negligent deprivation of property and his claim pursuant to the Vienna Convention. After the court's frivolity review, plaintiff's following claims remain: (1) deliberate indifference to his medical needs in violation of the Eighth Amendment to the United States Constitution; (2) violation of the Eighth Amendment/Due Process Clause of the Fifth Amendment to the United States Constitution arising out of his solitary confinement; (3) retaliation in violation of the First Amendment to the United States Constitution; (4) enactment of prison policies by Lappin that violated his constitutional rights; (5) violation of 42 U.S.C. § 1997d; (6) violation of Fifth Amendment by Tilley in the course of his disciplinary hearing; and (7) denial of access to the BOP's grievance process. Plaintiff subsequently filed a motion to require prison officials to treat mail from this court as legal mail.

On November 16, 2011, defendants filed a motion to stay the court's scheduling order and a motion for summary judgment, arguing that plaintiff's claim should be dismissed because he failed to exhaust his administrative remedies and because plaintiff failed to state a claim upon which relief may be granted. Alternatively, defendants assert the defense of qualified immunity. Plaintiff then

---

[2] The court notes that some of plaintiff's legal mail claims remained pending after the court's frivolity review.

3

filed a motion for reconsideration of the court's October 20, 2011 order, a motion requesting that service of process be made on defendants Elwood and Stancil, a motion for a continuance to complete discovery, a motion to strike, and a response to defendants' motion for summary judgment. Defendants then filed a reply as well as a motion for a protective order.

**DISCUSSION**

A.        Motion to Treat Legal Mail as Legal Mail

Plaintiff requests that this court order prison officials at the Correctional Institution in Big Spring, Texas[3] ("Big Spring") to treat mail marked "Special Mail Open in the Inmate's Presence" as legal mail. Plaintiff appears to request injunctive relief. The substantive standard for granting either a temporary restraining order or a preliminary injunction is the same. See e.g., U.S. Dep't of Labor v. Wolf Run Mining Co., 452 F.3d 275, 281 n.1 (4th Cir. 2006). Temporary restraining orders are governed by Rule 65 of the Federal Rules of Civil Procedure, which provides that a temporary restraining order shall not issue in the absence of "specific facts [which] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party may be heard in opposition." Fed.R.Civ.P 65(b)(1). The United States Supreme Court has stated that the movant must establish the following to obtain a temporary restraining order or a preliminary injunction: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008); The Real Truth About Obama, Inc. v. Federal Election Commission, 575 F.3d 342, 345 (4th Cir. Aug. 5, 2009), vacated on other grounds, 130 S.Ct. 2371 (2010).

---

[3]  The court notes that the facts of this case relate to events that occurred while plaintiff was incarcerated at Butner.

4

Here, plaintiff has not demonstrated that he is likely to suffer from irreparable harm because he has not alleged how the mail practices in Big Spring have prejudiced this action. Nor has plaintiff demonstrated that he is likely to succeed on the merits. Finally, plaintiff has not demonstrated that his request for a temporary restraining order is in the public interest or that the balance of equities tips in his favor. Additionally, to the extent plaintiff seeks to challenge the legal mail practices in Big Spring, he must do so in the United States District Court for the Eastern District of Texas. Accordingly, plaintiff's motion for a temporary restraining order is DENIED.

B.  Motion for Reconsideration

On October 20, 2011, the court entered an order severing plaintiff's claims against defendants GEO Group, Miner, Snyder, Farmer, Blevins, and Larabee from this action pursuant to Federal Rules of Civil Procedure and 18(a), 20(a), and 21. Plaintiff now requests that the court direct the Clerk of Court to open a new action for the severed parties to prevent any issue with the statute of limitations. Federal Rule of Civil Procedure 21 allows a court to "sever any claim against a party." Robinson v. Johnson, No. 3:07CV449, 2009 WL 874530, at *2 (E.D. Va. Mar. 26, 2009) ("Where, as here, statute of limitations concerns arise, courts should sever rather than simply dismiss the misjoined claims [by dropping defendants].") To accomplish the severance, the court allows plaintiff the opportunity to file a new complaint for his severed claims. See, e.g., Burgess v. Williams, No. 1:11CV316, 2011 WL 5290155, at *11 (M.D.N.C. Nov. 2, 2011). Plaintiff's new complaint must comply with Federal Rules of Civil Procedure 8 and 20. Id. Further, plaintiff must identify his new complaint with the words NEW COMPLAINT FOR SEVERED CLAIM IN 5:10-CT-3121-FL. Finally, plaintiff must pay the three hundred fifty dollar ($350.00) filing fee or file an application to proceed with his claim *in forma pauperis* for his new action. Id. To the extent

5

plaintiff requests reconsideration of the court's prior order, his request is DENIED. However, the court ALLOWS plaintiff the opportunity to file a complaint for his severed claims.

C.      Motion to Stay/Motion for a Protective Order

Defendants move for a protective order and to stay the issuance of a case management order until after the court rules upon their dispositive motion. Defendants have raised the defense of qualified immunity in this case. The defense of qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985); see also, Lescs v. Martinsburg Police Dep't, 138 F. App'x 562, 564 (4th Cir. 2005) (per curiam) (holding that the district court was required to rule on defendant's dispositive motion raising qualified immunity issues prior to allowing discovery). In Mitchell, the Supreme Court observed that "[u]nless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." Mitchell, 472 U.S. at 526. Because defendants raised the defense of qualified immunity and assert that plaintiff failed to allege a constitutional violation, they are entitled to a resolution of the issue prior to being subject to the burdens of litigation, including discovery. Accordingly, the court GRANTS defendants' motion to stay and motion for a protective order.

D.      Motion for A Continuance

Before addressing defendants' motion for summary judgment, the court considers plaintiff's request for a continuance to conduct discovery pursuant to Federal Rule of Civil Procedure 56(d) (formerly Rule 56(f)).[4] "As a general rule, summary judgment is appropriate only after adequate

---

[4] Effective December 1, 2010, the Supreme Court amended Rule 56, and what is now Rule 56(d) previously was codified as Rule 56(f). See Fed.R.Civ.P. 56, advisory committee's note ("The standard for granting summary judgment remains unchanged . . . Subdivision (d) carries forward without substantial change the provisions of former subdivision (f).")

6

time for discovery." Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 961 (4th Cir. 1996) (internal quotation omitted). Rule 56(d) provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). Thus, Rule 56(d) allows a court to delay ruling on a motion for summary judgment if the nonmoving party requires discovery to identify "facts essential to justify the party's opposition." Crawford-El v. Britton, 523 U.S. 574, 599 n.20 (1998) (internal quotation omitted). However, "Rule 56(d) affidavits cannot simply demand discovery for the sake of discovery." Young v. UPS, 2011 WL 665321, *20 (D.Md. Feb. 14, 2011). "Rather, to justify a denial of summary judgment on the grounds that additional discovery is necessary, the facts identified in a Rule 56 affidavit must be essential to [the] opposition." Scott v. Nuvell Fin. Servs., 2011 WL 2222307, *4 (D. Md. June 7, 2011) (internal quotation and citation omitted). A non-moving party's Rule 56(d) request for discovery is properly denied "where the additional evidence sought for discovery would not have by itself created a genuine issue of material fact sufficient to defeat summary judgment." Strag v. Bd. of Trs., Craven Cmty. Coll., 55 F.3d 943, 954 (4th Cir. 1995).

Here, plaintiff requests discovery to establish that he exhausted his administrative remedies. Plaintiff, however, has produced extensive exhibits to support his contention that prison officials prevented him from exhausting his administrative remedies, and as discussed *infra*, the court has not dismissed plaintiff's action on that ground. Thus, plaintiff's motion for a continuance to conduct discovery pursuant to Rule 56(d) is DENIED.

E.     Motion to Strike

7

Plaintiff seeks to strike certain portions of the affidavit submitted by Lynnell Cox ("Cox") in support of defendants' motion for summary judgment on the grounds that Cox sets forth inappropriate legal conclusions. The court, however, has not relied upon the contested assertions in Cox's affidavit regarding plaintiff's exhaustion of administrative remedies. Rather, the court relied upon relevant case law and statutes. See Green Textile Associates, Inc. v. Federal Ins. Co., 7:05-3233-HMH, 2006 WL 1677184, at *4 n.2 (D.S.C. June 16, 2006) (denying motion to strike affidavit where court did not rely upon it in making its ruling). Based upon the foregoing, plaintiff's motion to strike is DENIED.

F.     Motion for Summary Judgment

    1.     Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

    2.     Analysis

        a.     Exhaustion of Administrative Remedies

Defendants raise the affirmative defense that plaintiff failed to exhaust administrative

remedies before filing this action. See Jones v. Bock, 549 U.S. 199, 216 (2007) ("failure to exhaust is an affirmative defense under [42 U.S.C. § 1997e]"); Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005). The Prisoner Litigation Reform Act ("PLRA") states that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford v. Ngo, 548 U.S. 81, 84 (2006). Exhaustion is mandatory. Woodford, 548 U.S. at 84; Porter v. Nussle, 534 U.S. 516, 524 (2002) ("Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory."); Anderson, 407 F.3d at 677. A prisoner must exhaust his administrative remedies even if the relief requested is not available under the administrative process. Booth v. Churner, 532 U.S. 731, 741 (2001). "[U]nexhausted claims cannot be brought in court." Jones, 549 U.S. at 211.

The Federal Bureau of Prisons ("BOP") provides a four-step administrative remedy procedure. The first step in the process requires an inmate to present his issue to staff in an attempt at informal resolution. See 28 C.F.R. § 542.13. If informal resolution is unsuccessful, an inmate may submit a formal written administrative remedy request to the warden using a BP-9 form. See 28 C.F.R. § 542.14. If an inmate is dissatisfied with the warden's response, he then may appeal to the BOP's regional director, using a BP-10 form, and then to the BOP's General Counsel, using a BP-11 form. See 28 C.F.R. § 542.15.

In this case, defendants assert that plaintiff failed to exhaust his administrative remedies for all of his claims with the exception of the following: (1) retaliation; (2) delay in providing him prescription medication; and (3) improper care for a ruptured tendon. In response, plaintiff argues that he filed grievances regarding the unexhausted claims, but that BOP prison officials hindered

9

his ability to exhaust his administrative remedies rendering the BOP's administrative remedy procedure unavailable.

"[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008). Additionally, a prisoner is not responsible when he follows the proper grievance procedures and prison officials nevertheless mishandle the grievance. See Hill v. O'Brien, 387 F. App'x 396, at *3 (4th Cir. July 12, 2010) ("[W]hen prison officials prevent inmates from using the administrative process . . . ., the process that exists on paper becomes unavailable in reality." (internal quotation and citations omitted); Dole v. Chandler, 438 F.3d 804, 811 (7th Cir. Feb. 24, 2006) ("[A] remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." (internal citations omitted)). Plaintiff bears the burden of establishing that an administrative remedy was unavailable. Graham v. Gentry, 413 F. App'x 660, 663 (4th Cir. 2011).

Plaintiff has submitted evidence suggesting that BOP prison officials interfered with his ability to exhaust his administrative remedies. Of particular concern to the court are plaintiff's allegations that the BOP's Mid-Atlantic and Northeast Regional Offices both refused to accept his BP-10s and directed him to file his BP-10 appeals with the other. The court further is mindful of plaintiff's contention that after he was transferred from Butner to the Moshannon Valley Correctional Center, the Moshannon Valley Correctional Center refused to provide him with grievance forms. Based upon the foregoing, the court finds that defendants have not met their burden of proving that plaintiff failed to exhaust his administrative remedies prior to filing this action. See Anderson, 407 F.3d at 681 ("[A]n inmate's failure to exhaust his administrative

10

remedies must be viewed as an affirmative defense that should be pleaded or otherwise properly raised by the defendants.") (internal citations omitted). Thus, the court DENIES without prejudice defendants' motion for summary judgment as to this issue.

  b.  Plaintiff's Substantive Claims

    1.  Eighth Amendment

Plaintiff alleges that the John Doe Pharmacist acted with deliberate indifference to his medical care when he failed to re-fill his prescription for two months. In their motion for summary judgment, defendants assert that plaintiff's allegations constitute negligence and not deliberate indifference.

"In order to make out a *prima facie* case that prison conditions violate the Eighth Amendment, a plaintiff must show both '(1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials.' " Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). The Supreme Court has explained that the first prong is an objective one–the prisoner must show that "the deprivation of [a] basic human need was objectively 'sufficiently serious' "–and the second prong is subjective–the prisoner must show that "subjectively 'the officials act[ed] with a sufficiently culpable state of mind.' " See Strickler, 989 F.2d at 1379 (quotations omitted).

Plaintiff alleges that Mercado prescribed him Metoprolol for high blood pressure on February 13, 2008, but that John Doe Pharmacist refused to fill his prescription for a period of two months. Plaintiff states that this resulted in an increase in his blood pressure requiring emergency treatment. Because plaintiff alleges that his deprivation of medication resulted in emergency treatment for high blood pressure, the court finds that plaintiff sufficiently alleges that the delay

11

resulted in substantial harm. See Roulhac v. Prison Health Services, Inc., No. 3:10CV408-HEH, 2011 WL 6750559, at * 6 (E.D. Va. Dec. 23, 2011) ("Where an Eighth Amendment claim is predicated on a delay in the provision of medical care, the plaintiff must allege facts that suggest that the delay resulted in substantial harm."), appeal dismissed, 474 F. App'x 214 (4th Cir. Jun. 20, 2012) (citing Webb v. Hamidullah, 281 F. App'x 159, 166-67 n. 13 (4th Cir. 2008) (internal citations and quotations omitted); Street v. Powell, No. 5:10-CT-3179-BO, 2012 WL 555744, at *3 (E.D.N.C. Feb. 21, 2012). Thus, defendants' motion for summary judgment as to this claim is DENIED.

To the extent plaintiff alleges that Mercado falsified his medical records in connection with the above-stated incident, the court finds that plaintiff's allegations are sufficient to state an Eighth Amendment claim. Thus, defendants' motion for summary judgment as to this claim also is DENIED.

      2.  Placement in Solitary Confinement

Plaintiff alleges that his due process rights were violated when he was placed in solitary confinement in violation of the BOP's regulations and without having a legitimate investigation or a pending disciplinary charge. An inmate may have a liberty interest in avoiding solitary confinement if such confinement poses an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).

In response to defendants' motion for summary judgment, plaintiff asserts that his solitary confinement claim

> revolves around the totality of the conditions he was subjected to upon being put in the [special housing unit] which would constitute torture under U.S. and international law. . . This claim is about being deprived of medical care, putting the plaintiff's health and well-being in jeopardy by refusing life-changing medical treatment, threats, attempts to have plaintiff assaulted by other inmates, and being

12

>           deprived of all communications with the outside world to include
>           family, attorney, etc.

Pl.'s Resp. p. 16. Based upon these allegations, the court finds that plaintiff states a due process claim.

> 3.     Retaliation

Plaintiff alleges that defendants retaliated against him in violation of the First Amendment to the United States Constitution when they terminated his prison job after learning that he filed a civil action. For an inmate to state a colorable claim of retaliation, the alleged retaliatory action must have been taken with regard to the exercise of some constitutionally protected right, or the retaliatory action itself must violate such a right. Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). Moreover, in a retaliation action alleging First Amendment violations, a plaintiff must establish that the conduct complained of adversely affected his constitutional rights. ACLU v. Wicomico County, 999 F.2d 780, 785 (4th Cir. 1993).

Defendants correctly contend that inmates do not have a constitutional right to a prison job, and in turn, the deprivation of a prison job states no independent constitutional claim. See e.g., Bulger v. United States Bureau of Prisons, 65 F.3d 48, 50 (5th Cir. 1995) ("Courts of appeals consistently have held that an inmate's expectation of keeping a specific prison job, or any job, does not implicate a protected property interest."). However, retaliation against an inmate for the exercise of his right to access the courts states a claim. Hudspeth v. Figgins, 584 F.2d 1345, 1348 (4th Cir. 1978). Thus, the court finds that plaintiff properly stated a retaliation claim on this ground, and DENIES defendants' motion for summary judgment as to this claim.

To the extent plaintiff alleges a claim for retaliation pursuant to 42 U.S.C. § 1997d, there is no private right of action pursuant to this statute. See Price v. Brittain, 874 F.2d 252, 262 (5th Cir.

13

1989); Pope v. Bernard, No. 10-1443, 2011 WL 478055, at *2 (1st Cir. Feb. 10, 2011) ("[T]he courts to have addressed the issue have held that the Civil Rights Institutionalized Person Act, of which 42 U.S.C.§ 1997d is a part, authorizing as it does the *attorney general* to initiate a suite, does not create a private right of action in favor of an *individual*.") (internal citation omitted). Thus, plaintiff's claim pursuant to § 1997d is DISMISSED.

    4.    Respondeat Superior

Lappin, the Director of the BOP, and Beeler, the Warden at Butner, argue that they cannot be held liable for the act or omission of their subordinates pursuant to a theory of respondeat superior. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 663 n.7 (1978). Rather, to state a claim pursuant to Bivens, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Further, a plaintiff must allege that defendants personally promulgated a policy or enforced a custom that violates one of plaintiff's civil rights. See Fisher v. Washington Metropolitan Area Transit Authority, 690 F.2d 1133, 1142-43 (4th Cir. 1982) (finding that § 1983 requires a showing of defendant's personal fault either based on the defendant's personal conduct or another's conduct in execution of the defendant's policies or customs), abrogated on other grounds by, Cnty. of Riverside v. McLaughlin, 500 U.S. 44 (1991).

Here, plaintiff makes the conclusory allegation that Beeler "was aware of many of the allegations and violations alleged in this case." Pl.'s Resp. p. 18. Plaintiff further asserts that the grievance process put Beeler on notice of the alleged misconduct. However, plaintiff does not provide any factual detail to support these conclusory allegations. In particular, plaintiff does not

14

allege which "allegations and violations" he discussed with Beeler. Nor does plaintiff state which claims he grieved with Beeler. Finally, plaintiff does not allege that Lappin had any direct involvement with any constitutional claim.

As for any policy-related claims, plaintiff appears to allege that Lappin has implemented the Life Connections Program at Rivers in a discriminatory manner. See Am. Compl. ¶¶ 23-132 and Pl.'s Resp. p. 20. Because the court severed plaintiff's Rivers claims from this action, it is not presently before the court.

To the extent plaintiff asserts that he may discover facts to support an underlying policy claim against Lappin and Beeler, the court finds that these allegations are conclusory and insufficient to state a constitutional claim. See White v. White, 886 F.2d 721, 723 (4th Cir. 1989). The court further finds that plaintiff failed to state a claim against Lappin pursuant to the Administrative Procedures Act on the grounds that his allegation that Lappin promulgated a policy to place him in the special housing unit also is conclusory. See id. Thus, for all of these reasons, the court grants the motion for summary judgment of Lappin and Beeler.

     5.     Due Process Claim

Inmates are entitled to certain procedural protections in the course of disciplinary proceedings. See Wolff v. McDonnell, 418 U.S. 539, 564-65 (1974). The minimum required protections are as follows: "(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the fact finder of the evidence relied on and the reasons for the disciplinary action." Superintendent v. Hill, 472 U.S. 445, 454 (1985). Here, plaintiff asserts that Tilley failed to provide him with a written copy of the

15

disciplinary hearing officer's report until one year after his hearing, which prevented him from appealing his disciplinary conviction. Based upon the requirements set forth in Wolff and plaintiff's allegations, the court finds that plaintiff states a claim.

      6.      Access to Grievance Process

Plaintiff alleges that defendants have denied him access to the courts in violation of the First Amendment to the United States Constitution because they refused to provide him with grievance forms and interfered with his efforts to exhaust his administrative remedies. However, inmates generally do not have a constitutional right of access to a grievance process. Daye v. Rubenstein, 417 F. App'x 317, 319 (4th Cir. 2011) (citing Adams, 40 F.3d at 75); Woodward v. Daugherty, No.5:11CV8-RJC, 2011 WL 4402765, at *2 (W.D.N.C. Sept. 22, 2011) ("To the extent that this claim can be construed as interference with the grievance process, such claim fails because . . . the Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by the state.") (internal citations and quotation omitted). Thus, the court finds that plaintiff's allegations do not support a finding that defendants violated his First Amendment rights.

      7.      Service

Plaintiff failed to obtain service upon the John Doe Pharmacist, Elwood, and Stancil. Beginning with plaintiff's claim against the John Doe Pharmacist, the court finds that it is likely that the identity of the John Doe Pharmacist will be discovered in the course of discovery. Thus, the court allows plaintiff to proceed against the John Doe Pharmacist at this time. See Schiff v. Kennedy, 691 F.2d 196, 198 (4th Cir. 1982) (finding that if "the true identity of an unnamed party can be discovered through discovery or intervention of the court," a court should not dismiss the

16

unnamed party from the action.) Failure to properly name the John Doe Pharmacist by the time the discovery period closes will result in dismissal of this party without prejudice.

As for Elwood, the United States Attorney informed the court that plaintiff has not obtained lawful service of process pursuant to Federal Rule of Civil Procedure 4 on this party. See Cox Aff. ¶ 9. Rule 4(e) provides that service on an individual may be effected by either:

>   (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
>   (2) doing any of the following:
>
>   (A) delivering a copy of the summons and of the complaint to the individual personally;
>
>   (B) leaving a copy of each at the individual's dwelling house or usual place of abode with someone of suitable age and discretion who resides there; or
>
>   (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

F.R.Civ.P. 4(e).

In this case, plaintiff mailed a copy of the summons and complaint to Butner. A. Russell, a BOP official assigned to the mail room at Butner, signed the return receipt. At the time the return receipt was signed, Elwood was not employed at Butner. Accordingly, A. Russell was not Elwood's process agent. See Linder v. Sanders, 804 F.2d 677, *1 (4th Cir. 1986) (upholding district court's failure to obtain service where the return of service stated that the party no longer was employed by the department of correction). Thus, plaintiff did not properly obtain service on Elwood under Rule 4.

Plaintiff's failure to perfect service on Elwood does not mandate dismissal of plaintiff's

17

claim against Elwood. An incarcerated *pro se* plaintiff, proceeding *in forma pauperis* is entitled to rely on the United States Marshal for service of summons and complaint. Puett v. Blanford, 912 F.2d 270, 275 (9th Cir. 1990). Typically, a plaintiff must provide the necessary information and documentation to effect service. Id. In this case, plaintiff does not know Elwood's correct current address, nor does he have the means by which to ascertain this information. To facilitate this matter on the merits, the United States Attorney is ORDERED to provide the court with Elwood's full name and last known address. The requested information shall be provided under seal and will be disclosed only to the relevant court personnel, the United States Marshal, and any of the Marshal's deputies or employees engaged in providing service of process.

Finally, regarding Stancil, the claim against this party appears to arise out of plaintiff's severed claims. Plaintiff's severed claims are not presently before the court. Thus, plaintiff's claims against Stancil are not presently before the court.

G.   Case Management Schedule

Because the court has ruled upon defendants' motion for summary judgment and their defense of qualified immunity, the court finds it appropriate to enter the following case management schedule: All discovery shall be commenced or served in time to be completed by December 10, 2012; All motions, including dispositive ones, shall be filed by January 10, 2013.

**CONCLUSION**

For the foregoing reasons, the court rules as follows:

(1)   The court GRANTS in part and DENIES in part defendants' motion for summary judgment (DE # 32). The motion is GRANTED as to plaintiff's claim alleging discrimination, his claim pursuant to 42 U.S.C. § 1997d, and his claim the

18

Administrative Procedures Act. The court further GRANTS defendants' motion as to plaintiff's claim regarding access to the grievance process, The court also GRANTS defendants' motion for summary judgment with respect to plaintiff's claims against Beeler and Lappin, and these parties are dismissed from this action. Defendants' motion is DENIED as to plaintiff's remaining claims.

(2) Defendants' motion to stay the initial order (DE# 34) and motion for a protective order (DE # 52) are GRANTED.

(3) The court DENIES plaintiff's motion to stay plaintiff's "motion to require prison to treat mail from this court marked as 'legal mail' as legal mail," (DE # 31). The Clerk of Court is DIRECTED to clearly mark all future communications with plaintiff as legal mail.

(4) Plaintiff's motion for reconsideration (DE # 37) is DENIED. However, the court ALLOWS plaintiff the opportunity to file a separate complaint, as set forth above, for his severed claims.

(5) Plaintiff's "motion requesting that service of process be made on defendants Elwood and Stancil and for an extension of time to effect service on these defendants and the John Doe Defendant" (DE # 39) is GRANTED in part and DENIED in part. The motion is DENIED as to plaintiff's claim against Stancil, and Stancil is DISMISSED without prejudice from this action. The remainder of plaintiff's motion is GRANTED. The United States Attorney is DIRECTED to provide the information requested above within fourteen (14) days of this court's order.

(6) Plaintiff's motion for a continuance to permit discovery (DE # 41) is DENIED.

19

(7) Plaintiff's motion to strike portions of defendants' motion for summary judgment (DE # 44) is DENIED.

SO ORDERED, this the 24th day of September, 2012.

_____
LOUISE W. FLANAGAN
United States District Judge