IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CT-3121-FL

| | |
|---|---|
| KAMAL PATEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| MS. MORON; HEE HAW TUCKER- ) | |
| HILL; MR. BARRETT; MR. ELWOOD; ) | |
| SHORTY BRAWNER; CANDACE ) | |
| GREGORY; DR. MERCADO; ART ) | |
| BEELER; JOHN DOE PHARMACIST; ) | |
| LYNNELL COX; JEFF TILLEY; ) | |
| HARLEY LAPPIN; MR STANCIL; THE ) | |
| GEO GROUP, INC., JONATHAN ) | |
| MINER; DAVID FARMER; GEORGE ) | |
| SNYDER; CHAPLAIN BLEVINS; MS. ) | |
| ADCOCKS; AND LARABEE, ) | |
| ) | |
| Defendants. ) | |

This matter comes before the court on the motion for summary judgment (DE # 68) pursuant to Federal Rule of Civil Procedure 56, the motion for a protective order (DE # 62), and motion to stay discovery (DE # 73) filed by defendants Ms. Adcocks ("Adcocks"), Mr. Barrett ("Barrett"), Shorty Brawner ("Brawner"), Lynnell Cox ("Cox"), Candace Gregory ("Gregory"), Mercado, Ms. Moron ("Moron"), Jeff Tilley ("Tilley"), and Hee Haw Tucker-Hill ("Tucker-Hill") (collectively "defendants"). Also before the court are plaintiff's motion for a protective order, which this court construes as a motion for injunctive relief, (DE #s 61), motions to appoint counsel (DE #s 65, 82), motion to compel (DE # 78), motion to "determine sufficiency of admissions" (DE # 84), and motion

for an extension of time to conduct discovery (DE # 85) pursuant to Federal Rule of Civil Procedure 56(d). Plaintiff responded to defendants' motions. Defendants responded to plaintiff's motion to compel and motion to determine the sufficiency of admissions. Defendants did not respond to plaintiff's remaining motions. In this posture, the matters are ripe for adjudication.

## BACKGROUND

The court has extensively detailed the procedural posture of this action in prior orders. For ease of reference, a pertinent portion of the statement of the case set forth in the court's September 25, 2012, order, is restated here:

> On July 6, 2010, plaintiff filed this action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). On April 4, 2011, Adcocks, Barrett, Beeler, Brawner, Cox, Gregory, Lappin, Mercado, Moron, Tilley, and Tucker-Hill filed a motion to dismiss pursuant to Rule 12(b)(6). Plaintiff then filed a motion to amend his complaint. On May 26, 2011, the court entered an order granting plaintiff's motion to amend, directing plaintiff to file his amended complaint, and denying as moot defendants' motion to dismiss.
>
> On June 10, 2011, plaintiff filed his amended complaint. Plaintiff's amended complaint seeks both monetary damages and injunctive relief. The court subsequently conducted a review of plaintiff's amended complaint pursuant to 28 U.S.C. § 1915. Plaintiff's original complaint arose out of his incarceration at the Federal Correctional Center in Butner, North Carolina. Plaintiff's amended complaint sought to allege Bivens claims against Moron, Tucker-Hill, Barrett, Brawner, Gregory, Mercado, Beeler, Adcocks, Cox, Tilley, and Lappin, as well as defendants Official Elwood ("Elwood"), John Doe Pharmacist ("Pharmacist"), and Contract Compliance Official Stancil ("Stancil"). Plaintiff's amended complaint also sought to add new claims arising out of his incarceration at Rivers Correctional Institution ("Rivers"), against new defendants the GEO Group, Inc. ("GEO Group"), Jonathan Miner ("Miner"), George Snyder ("Snyder"), David Farmer ("Farmer"), Chaplain Blevins ("Blevins"), and Dr. Larabee ("Larabee").

The court severed all of plaintiff's claims arising out of events that occurred at Rivers against GEO Group, Miner, Snyder, Farmer, Blevins, and Larabee. The court also dismissed as frivolous plaintiff's claims regarding his legal mail and mail to government agencies. Finally, the court dismissed as frivolous plaintiff's claim of negligent deprivation of property and his claim pursuant to the Vienna Convention. After the court's frivolity review, plaintiff's following claims remain: (1) deliberate indifference to his medical needs in violation of the Eighth Amendment/Due Process Clause of the Fifth Amendment to the United States Constitution; (2) violation of the Eighth Amendment/Due Process Clause of the Fifth Amendment to the United States Constitution arising out of his solitary confinement; (3) retaliation in violation of the First Amendment to the United States Constitution; (4) enactment of prison policies by Lappin that violated his constitutional rights; (5) violation of 42 U.S.C. § 1997d; (6) violation of the Fifth Amendment by Tilley in the course of his disciplinary hearing; and (7) denial of access to the BOP's grievance process. Plaintiff subsequently filed a motion to require prison officials to treat mail from this court as legal mail.

On November 16, 2011, defendants filed a motion to stay the court's scheduling order and a motion for summary judgment, arguing that plaintiff's claim should be dismissed because he failed to exhaust his administrative remedies and because plaintiff failed to state a claim upon which relief may be granted. Alternatively, defendants assert the defense of qualified immunity. Plaintiff then filed a motion for reconsideration of the court's October 20, 2011 order, a motion requesting that service of process be made on defendants Elwood and Stancil, a motion for a continuance to complete discovery, a motion to strike, and a response to defendants' motion for summary judgment. Defendants then filed a reply as well as a motion for a protective order.

On September 25, 2012, the court entered an order granting in part and denying in part defendants' motion for summary judgment. The motion was granted as to plaintiff's claim alleging discrimination, his claim pursuant to 42 U.S.C. § 1997d, and his claim pursuant to the Administrative Procedures Act. The court further granted defendants' motion as to plaintiff's claim

3

regarding access to the grievance process. The court granted defendants' motion for summary judgment with respect to plaintiff's claims against Beeler and Lappin. The court denied plaintiff's motion as to the remaining claims. The court also granted defendants' motion to stay and motion for a protective order. The court denied plaintiff's motion for reconsideration, motion for a continuance to permit discovery, motion to strike portions of defendants' motion for summary judgment, and motion to stay plaintiff's "motion to require prison to treat mail from the court marked as legal mail as legal mail." Finally, the court granted in part and denied in part plaintiff's motion requesting that service of process be made on defendants Elwood and Stancil. The court denied plaintiff's motion as to Stancil and dismissed plaintiff's claim against Stancil without prejudice. The court, however, granted the remainder of plaintiff's motion, allowed plaintiff's extension of time to serve the John Doe defendant, and directed the United States Attorney to provide certain requested information.

On October 16, 2012, plaintiff and defendants both filed motions for a protective order. Plaintiff subsequently also filed a motion to appoint counsel.

On December 3, 2012, Adcocks, Barrett, Brawner, Cox, Elwood, Gregory, Mercado, Moron, Tilley, Hee Haw, and Tucker-Hill filed a motion for summary judgment, arguing that plaintiff failed to establish any constitutional violation. Alternatively, defendants assert the affirmative defense of qualified immunity. Defendants also filed a motion to stay discovery. Plaintiff then filed a motion to compel, a second motion to appoint counsel, a motion to determine the sufficiency of defendants' admissions, and a motion for an extension of time pursuant to Federal Rule of Civil Procedure 56(d).

4

**DISCUSSION**

A.   Motion to Compel/Motion for a Protective Order

Defendants filed a motion for a protective order and a motion to stay discovery. Plaintiff subsequently filed a motion to compel.

Defendants have raised the defense of qualified immunity in this case. The defense of qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985); see also, Lescs v. Martinsburg Police Dep't, 138 F. App'x 562, 564 (4th Cir. 2005) (per curiam) (holding that the district court was required to rule on defendant's dispositive motion raising qualified immunity issues prior to allowing discovery). In Mitchell, the Court observed that "[u]nless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." Mitchell, 472 U.S. at 562. Because defendants raised the defense of qualified immunity and assert that plaintiff cannot establish a constitutional violation, they are entitled to a resolution of the issue prior to being subject to the burdens of litigation, including discovery. Accordingly, the court GRANTS defendants' motion for a protective order and motion to stay discovery, but DENIES plaintiff's motion to compel.

B.   Motions to Appoint Counsel

In his motions to appoint counsel, plaintiff requests counsel to assist him with litigating this action. There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for *pro se* civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the

5

individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (quoting Branch v. Cole, 686 F.2d 264 (5th Cir. 1982)); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him.").

Plaintiff has demonstrated through the detail of his filings he is capable of proceeding *pro se*. Additionally, plaintiff's claim is not complex and is not one in which exceptional circumstances merit appointment of counsel. Therefore, plaintiff's motions to appoint counsel are DENIED.

C.   Motion for Continuance

Plaintiff requests a continuance to conduct discovery pursuant to Federal Rule of Civil Procedure 56(d). "As a general rule, summary judgment is appropriate only after adequate time for discovery." Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 961 (4th Cir. 1996) (quotation omitted). Rule 56(d) provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). Thus, Rule 56(d) allows a court to delay ruling on a motion for summary judgment if the nonmoving party requires discovery to identify "facts essential to justify the party's opposition." Crawford-El v. Britton, 523 U.S. 574, 599 n.20 (1998) (quotation omitted). However, "Rule 56(d) affidavits cannot simply demand discovery for the sake of discovery." Young v. UPS, No. DKC 08-2586, 2011 WL 665321, *20 (D.Md. Feb. 14, 2011), aff'd, No. 11-2078, 2011 WL 665321 (4th Cir. Jan. 9, 2013). A non-moving party's Rule 56(d) request for discovery is properly

6

denied "where the additional evidence sought for discovery would not have by itself created a genuine issue of material fact sufficient to defeat summary judgment." Strag v. Bd. of Trs., Craven Cmty. Coll., 55 F.3d 943, 954 (4th Cir. 1995).

Here, as discussed infra., the court has directed that defendants provide plaintiff with additional discovery materials. Plaintiff additionally has failed to show that discovery would develop evidence crucial to material issues before the court. Moreover, as stated above, the court finds it appropriate to determine whether defendants are entitled to qualified immunity prior to authorizing discovery. Lescs, 138 F. App'x at 564 (citation omitted); Douglas v. Johnson, No. 7:11-CV-468, 2013 WL 1123849, at *3 (W.D. Va. Mar. 18, 2003). Thus, plaintiff's motion for a continuance to conduct discovery pursuant to Rule 56(d) is DENIED.

D. Motion to Determine the Sufficiency of Admissions

Plaintiff filed a motion requesting that the court review defendants' responses to plaintiff's requests for admissions, and to order defendants to respond to any "deficient admissions." In response, defendants argue that their requested stay of discovery applies to plaintiff's motion requesting that the court order defendants to respond to any "deficient admissions."

Federal Rule of Civil Procedure 36 governs requests for admissions. Rule 36 allows a party to "serve upon any other party a written request to admit . . . the truth of any matters within the scope of Rule 26(b)(1) relating to [] facts, the application of law to fact, or opinions about either; and [] the genuineness of any described documents." Fed. R. Civ. P. 36(a). Requests for admissions, however, are not a discovery device. Erie Ins. Property & Cas. Co. v. Johnson, 272 F.R.D. 177, 184 (S.D.W. Va. Dec. 21, 2010). Defendants have not provided any case law to support a contrary finding. Accordingly, the court finds that plaintiff's request for admissions is not a part of the stay

7

of discovery, and the court ALLOWS defendants the opportunity to fully respond to plaintiff's request for admissions. Based upon the foregoing, plaintiff's motion to determine the sufficiency of defendants' admissions is DENIED without prejudice.

E.  Motion for a Protective Order/Motion for Injunctive Relief

Plaintiff requests injunctive relief[1] in the form of a court order "to prevent threatened retaliation." Pl.'s Mot. (DE # 61) p. 1. The substantive standard for granting either a temporary restraining order or a preliminary injunction is the same. See e.g., U.S. Dep't of Labor v. Wolf Run Mining Co., 452 F.3d 275, 281 n.1 (4th Cir. 2006). The United States Supreme Court has stated that the movant must establish the following to obtain a temporary restraining order or a preliminary injunction: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, *20 (2008).

Here, plaintiff challenges the disciplinary proceedings initiated against him for allegedly possessing a cell phone. Essentially, plaintiff asserts that the disciplinary proceedings were initiated against him in retaliation for preparing pleadings to file a lawsuit. Plaintiff, however, has not established any of the requirements necessary to obtain injunctive relief. To the extent plaintiff seeks relief for the alleged retaliation, he may file a separate action after exhausting his administrative remedies pursuant to 42 U.S.C. § 1997e. Accordingly, plaintiff's motion for injunctive relief is DENIED.

---

[1] The court notes that plaintiff captioned this motion as a motion for a protective order.

F.  John Doe Pharmacist

On September 25, 2012, the court entered an order acknowledging that plaintiff failed to obtain service on the John Doe Pharmacist in accordance with Federal Rule of Civil Procedure 4(m). The court, however, stated that it was likely that the identity of the John Doe Pharmacist would be discovered in the course of discovery. Plaintiff was directed to properly identify the John Doe Pharmacist by the time the discovery period closed. Plaintiff has not identified the identity of the party referred to as the John Doe Pharmacist. Accordingly, plaintiff has not obtained service on the John Doe Pharmacist within one hundred twenty (120) day time limit set forth in Rule 4(m), and plaintiff's action against the John Doe Pharmacist is DISMISSED without prejudice.

G.  Defendants' Motion for Summary Judgment

1.  Supplemental Materials

Defendants attached portions of plaintiff's medical records to defendant Mercado's affidavit in support of summary judgment. The affidavit, however, does not provide citations to the relevant portions of plaintiff's medical records, which violates Fed. R. Civ. P. 56(c)(1)(A). Fed. R. Civ. P. 56(c)(1)(A) ("A party asserting that a fact cannot be or is genuinely disputed must support the assertion by [] citing to particular parts of materials in the record. . . .").

It is the responsibility of the party seeking summary judgment to present to the court the basis for the motion and to identify the parts of the record which demonstrate the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "Litigants may not thrust upon the court the burden of combing through the record to make a case on their behalf." Reynolds v. Northern Neck Regional Jail Authority, No. 3:07CV700, 2009 WL 1323224, at *1 (E.D. Va. May 11, 2009) (citing Forsyth v. Barr, 19 F.3d 1527, 1537 (5th Cir. 1994) (" 'Rule 56 does not

9

impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'") (quoting Skotak v. Tenneco Resins, Inc., 953 F.2d 909, 915 n. 7 (5th Cir. 1992)). Accordingly, the court DIRECTS defendants to provide a complete[2] copy of plaintiff's medical records for the time period plaintiff was incarcerated at the Low Security Correctional Institution in Butner, North Carolina. Defendants further are DIRECTED to submit an affidavit accompanying the medical records which summarizes the care provided to plaintiff and includes citations to plaintiff's medical records.

2.  Reply Brief

On February 4, 2013, plaintiff responded to defendants' motion for summary judgment, and raised several issues pertinent to the resolution of this action. Accordingly, the court DIRECTS defendants to file a reply to their motion for summary judgment addressing the issues raised by plaintiff in plaintiff's response to defendants' motion for summary judgment.

## CONCLUSION

For the foregoing reasons, the John Doe Pharmacist is DISMISSED from this action without prejudice. Plaintiff's motion to compel (DE # 78), motions to appoint counsel (DE #s 65, 82), motion for an extension of time to conduct discovery (DE # 85), and motion for a protective order/motion for injunctive relief (DE # 61) are DENIED. Plaintiff's motion to "determine sufficiency of admissions" (DE # 84) is DENIED without prejudice. Defendants' motion for a protective order (DE # 62) and motion to stay discovery (DE # 73) are GRANTED. Additionally, defendants are DIRECTED to file both their supplemental evidence and reply brief within thirty (30)

---

[2] The court notes that defendants provided only a portion of plaintiff's medical records for the time he spent at Butner.

10

days of this court's order. Plaintiff shall file any response to defendants' brief within fourteen (14) days thereafter. The court holds defendants' motion for summary judgment (DE # 68) in abeyance until after the record is supplement as discussed supra.

SO ORDERED, this the 16TH day of May, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge