IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CT-3121-FL

| | | |
|---|---|---|
| KAMAL PATEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MS. MORON, HEE HAW TUCKER-HILL, MR. BARRETT, MR. ELWOOD, SHORTY BRAWNER, CANDACE GREGORY, DR. MERCADO, ART BEELER, JOHN DOE PHARMACIST, LYNNELL COX, JEFF TILLEY, HARLEY LAPPIN, MR STANCIL, THE GEO GROUP, INC., JONATHAN MINER, DAVID FARMER, GEORGE SNYDER, CHAPLAIN BLEVINS, MS. ADCOCKS, and LARABEE, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

The action comes before the court on plaintiff's motion to reinstate John Doe pharmacist and to extend the time for service (DE 92), as well as, plaintiff's motion to stay the action (DE 93). Both motions were fully briefed. In this posture, the issues raised are ripe for adjudication.

Plaintiff requests that the court re-instate the, previously dismissed, party he identified as the John Doe pharmacist. Plaintiff also requests an extension of time to identify the John Doe party and to obtain service on him/her. In support, plaintiff argues that the United States Attorney has not been cooperative with plaintiff's efforts to discover the name of the unidentified party. The court, however, notes that defendants have submitted numerous medical records to both plaintiff and the court in connection with their motion for summary judgment. See (DE 70,96). Moreover, plaintiff

has not shown that he has made "reasonable, diligent efforts to effect service on the" John Doe pharmacist. Jones v. Newby, No. 3:11CV511, 2013 WL 960777, at *2 (E.D. Va. Mar. 12, 2013) (internal quotation omitted). Based upon the foregoing, the court DENIES plaintiff's motion.

The court next addresses plaintiff's motion to stay this action. Plaintiff argues that a stay is necessary because he has been "removed from the federal prison on a federal writ and [been] separated from his legal documents." Pl.'s Mot. (DE 93), p. 2. At the time plaintiff filed his motion to stay, he resided at a county jail. The Federal Bureau of Prison's website, however, reflects that plaintiff has been returned to federal custody and that he now resides at Big Spring Correctional Institution. See www.bop.gov (last vistited July 23, 2013). Because plaintiff is back in federal custody, plaintiff's justification for the requested stay now is moot. Thus, the court DENIES plaintiff's motion to stay.

In summary, plaintiff's motions (DE s 92, 93) are DENIED.

SO ORDERED, this the 29th day of July, 2013.

                                    LOUISE W. FLANAGAN
                                    United States District Judge